IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,125-01






EX PARTE PATRICK LONG, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 90576-A IN THE 252ND

JUDICIAL DISTRICT COURT JEFFERSON COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to felony driving while intoxicated, and the trial court sentenced
him to confinement in prison for a period of four years. There was no direct appeal.

 In this application for a writ of habeas corpus, Applicant contends that he is eligible
for release from prison to mandatory supervision but that such release was denied. See Tex.
Gov't Code §§ 508.147, 508.149. He argues that his due process rights were violated
because the Texas Board of Pardons and Paroles did not provide him notice of his review
date for release to mandatory supervision before making its decision. Thus, Applicant
alleges that he is being held in violation of the law. 

 In its response, the State argues that Applicant is making a time-credit claim that
remains unexhausted under Section 508.0081 of the Texas Government Code and that the
application should be dismissed. That section states that an inmate, with some exceptions,
may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal
Procedure, raise as a claim concerning a time-served credit error until: (1) the inmate receives
a written decision issued by the highest authority provided for in the TDCJ time-credit
resolution system; or (2) if the inmate has not received such a written decision, the 180th day
after the date the inmate first alleged the time-served credit error within the resolution
system. Applicant, however, is not making a time-credit claim.

 The trial court recommends that the application should be dismissed on the basis that
the claim is not cognizable under Article 11.07 of the Texas Code of Criminal Procedure. 
It finds that this matter is one that must be addressed by the Texas Board of Pardons and
Paroles. While the trial court is correct that this matter should be addressed by the Board,
this claim is properly raised in an Article 11.07 application.

 The Board's decision to deny an inmate's release to mandatory supervision is not
subject to judicial review by this Court. Tex. Gov't Code § 508.149(d); Ex parte Geiken,
28 S.W.3d 553, 557 (Tex. Crim. App. 2000). However, the procedures used by the Board
in reaching its decision may be reviewed due to the statute's conveyance of a limited
expectation of release. Ex parte Geiken, 28 S.W.3d at 559. Due process requires that the
Board provide an inmate with timely notice that he will be considered for release prior to the
review taking place. Id. at 560. "[A]n inmate is entitled to notice of the specific month and
year in which he will be reviewed for release on mandatory supervision." Ex parte Retzlaff,
135 S.W.3d 45, 50 (Tex. Crim. App. 2004). Moreover, an inmate "must be given at least
thirty days advance notice that he will be reviewed in the specified month so that he has a
sufficient opportunity to submit materials on his behalf." Id. Due process, though, does not
require that an inmate receive a live hearing before the Board. Ex parte Geiken, 28 S.W.3d
at 559. "If release is denied, the inmate must be informed in what respects he falls short of
qualifying for early release." Id. Finally, "[d]ue process does not require that the Board
provide the particulars in the inmate's file upon which it rested the decision to deny release." 
Id.

 Thus, while the trial court has made findings of fact and conclusions of law regarding
this claim, it is this Court's opinion that additional information is needed before this Court
can render a decision on this ground for review. Because this Court cannot hear evidence,
Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum. 

 The trial court shall resolve this issue as set out in Article 11.07, Section 3(d), of the
Texas Code of Criminal Procedure, in that it shall order the Parole Division of the Texas
Department of Criminal Justice to file an affidavit, with supporting documentation,
addressing Applicant's ground for relief. The trial court may also order depositions,
interrogatories, or hold a hearing. In the appropriate case, the trial court may also rely on its
personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall make findings of
fact and conclusions of law regarding whether Applicant was given proper notice of his
review for release to mandatory supervision under the discretionary mandatory supervision
statute as required under this Court's decision in Ex parte Retzlaff, 135 S.W.3d at 45. The
trial court may also make any further findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's application for habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: March 8, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.